*E-FILED - 2/9/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HOMERO GOMEZ,

    Petitioner,

vs.

CALIFORNIA BOARD OF PARDONS,

    Respondent.

No. C 09-5411 RMW (PR)

ORDER OF PARTIAL DISMISSAL; ORDER TO SHOW CAUSE; DENYING MOTION FOR EXTENSION OF TIME TO PAY FILING FEE

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a decision by the California Board of Pardons ("Board"). Petitioner has paid the filing fee. Thus, petitioner's motion for extension of time to pay the filing fee is DENIED as moot. The court orders respondent to show cause why a writ of habeas corpus should not be granted.

**DISCUSSION**

A.    <u>Standard of Review</u>

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the

Order of Partial Dismissal; Order to Show Cause; Denying Motion for Extension of Time to Pay Filing Fee
P:\PRO-SE\SJ.Rmw\HC.09\Gomez411osc.wpd

1 applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.  Petitioner's Claims

Petitioner raises several claims in his federal habeas petition. His first "claim" does not allege any federal or constitutional right. Petitioner merely alleges that his petition is timely. Accordingly, this claim is DISMISSED.

Petitioner's second claim alleges that on February 1, 2006, petitioner appeared before the Board with his retained lawyer, William Schmidt. In that hearing, the Board declared petitioner unsuitable for parole. However, due to a faulty tape recording, the Board vacated its decision and rescheduled another hearing for November 29, 2006. On November 29, 2006, the Board conducted another hearing, but petitioner was no longer represented by Mr. Schmidt. The Board appointed an attorney on behalf of petitioner. Petitioner claims that he is entitled to reimbursement of the $5000 fee he paid to Mr. Schmidt. The court concludes that petitioner does not have a federal constitutional right to counsel in a parole suitability hearing. Cf. Bonin v. Calderon, 59 F.3d 815, 841-42 (9th Cir. 1995) (denial of state-created procedural right not cognizable on habeas corpus review unless there is deprivation of substantive right protected by federal constitution). Accordingly, petitioner fails to allege any violation of federal law and this claim is DISMISSED.

Petitioner's remaining claims state that he was improperly denied a transfer to Mexico under the Foreign Prisoner Transfer Treaty. Petitioner also appears to allege that the Board's denial of parole suitability violated his right to due process. Liberally construed, these two allegations are sufficient to require a response. The court orders respondent to show cause why the petition should not be granted.

**CONCLUSION**

1.  Petitioner's motion for extension of time to pay the filing fee is DENIED as moot.
2.  The clerk shall serve by mail a copy of this order and the petition (docket

Order of Partial Dismissal; Order to Show Cause; Denying Motion for Extension of Time to Pay Filing Fee
P:\PRO-SE\SJ.Rmw\HC.09\Gomez411osc.wpd            2

1. no. 1) and all attachments thereto upon the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2. Respondent shall file with the court and serve on petitioner, within **ninety days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of the date the answer is filed.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **ninety days** of the date this order is filed. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **thirty days** of the date the motion is filed, and respondent **shall** file with the court and serve on petitioner a reply within **fifteen days** of the date any opposition is filed.

4. It is petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

This order terminates docket no. 6.

IT IS SO ORDERED.

DATED: 2/8/10

RONALD M. WHYTE
United States District Judge