*E-FILED - 3/3/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMERO GOMEZ,<br><br>    Petitioner,<br><br>  v.<br><br>CALIFORNIA BOARD OF PRISONS,<br><br>    Respondent. | No. C 09-5411 RMW (PR)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY<br><br>(Docket No. 8) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the Board of Prison Terms' ("Board") decision denying him parole in 2006, and its decision denying his request for transfer to Mexico under the Foreign Prisoner Transfer Treaty Program. Respondent challenges the instant petition, arguing that it is untimely. Petitioner filed an opposition to the motion, and respondent filed a reply. Petitioner then filed a response to respondent's reply. For the reasons stated below, the court will GRANT respondent's motion to dismiss the petition as untimely.

## BACKGROUND

In 1988, petitioner was sentenced to 20 years and eight months to state prison. (Petition at 2.) On February 1, 2006, the Board denied parole. (Id. at 8.) On November 29, 2006, the Board held a rehearing because the tape recording of the February hearing was inadvertently lost, and again, denied parole. (Id.) In both hearings, petitioner requested a transfer under the Foreign

Prisoner Transfer Treaty program.[1] On March 29, 2007, the Board's decision became final. (Petition, Ex. C at 70.)

On April 17, 2007, petitioner filed a state habeas petition in superior court. (Resp. MTD, Ex. H.) See Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (one-year limitation period tolled under 28 U.S.C. § 2244(d)(2) starting on the day prisoner delivers state petition to prison authorities for forwarding to court).[2] On October 10, 2007, the superior court denied the petition. (Id., Ex. J.)

On August 25, 2008, petitioner filed another petition in superior court. (Id., Ex. O.) That petition was denied on October 22, 2008. (Id., Ex. Q.) On December 8, 2008, petitioner filed a state habeas petition in the California Court of Appeal. (Id., Ex. R.) the California Court of Appeal denied it on December 29, 2008. (Id., Ex. S.) On January 22, 2009, petitioner filed a state habeas petition in the California Supreme Court, which was denied on May 20, 2009. (Id., Exs. S, T.)

During the pendency of his state habeas petition in the California Supreme Court, on January 27, 2009, petitioner filed another state habeas petition in the California Court of Appeal, which was denied on February 10, 2009. (Id., Exs. K, L.) Finally, on April 6, 2009, petitioner filed a state habeas petition in the California Supreme Court, which was denied on September 23, 2009. (Id., Exs. M, N.)

Petitioner filed the instant federal petition on November 5, 2009. See Stillman, 319 F.3d at 1201.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2)

---

[1] Through this program, foreign citizen inmates may petition for a transfer to serve the remainder of their sentences in their native country. (Resp. MTD at 2.)

[2] For the purposes of determining the dates of all of petitioner's filings, the court will use the dates provided on petitioner's proofs of service for his state habeas petitions.

an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).  Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit.  28 U.S.C. § 2244(d)(2).

Section 2244's one-year limitation period applies to all habeas petitions filed by persons in "custody pursuant to the judgment of a State court," even if the petition challenges a pertinent administrative decision rather than a state court judgment.  Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004) (quoting 28 U.S.C. § 2244(d)(1)).  For prisoners challenging administrative decisions, section 2244(d)(1)(D) applies and the one-year limitations period begins to run on the date the administrative decision becomes final.  See id. at 1066 (limitation period began to run the day after petitioner received timely notice of the denial of his administrative appeal challenging disciplinary decision).  The "factual predicate" of the habeas claims is the administrative appeal board's denial of the administrative appeal.  See Redd v. McGrath, 343 F.3d 1077, 1082 (9th Cir. 2003).

Here, the date petitioner's administrative decision became final was March 29, 2007. (Petition, Ex. C at 70.)  Therefore, giving petitioner the benefit of the doubt, the limitations period began running on March 30, 2007.[3]  See Shelby, 391 F.3d at 1066.  Thus, petitioner had until March 29, 2008 to file his federal habeas petition.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  The instant petition was not filed until November 5, 2009, which was after the expiration of

---

[3] The court recognizes that respondent argues the date that petitioner learned the factual predicate of his claim that he was improperly denied a transfer to Mexico occurred, at the latest, on September 27, 2006.  (Resp. MTD at 5-6.)  Respondent argues that petitioner made several requests from 1993 through 2006 to receive a transfer under the Foreign Prisoner Transfer Treaty Program and thus, the date on the latest letter communication between the Board and petitioner informing him that his request to be considered for a transfer under this program was denied was September 27, 2006.  (Id., Ex. G.)  Thus, argues respondent, that is the date upon which petitioner learned the "factual predicate" for his claim.  However, for purposes of ease, and because it does not make a difference, the court will use the date petitioner's parole was denied, which is also the date the Board rejected petitioner's oral request for a transfer, as the "factual predicate" date for both of petitioner's claims.

Order Granting Motion to Dismiss Petition; Denying Certificate of Appealability
P:\PRO-SE\SJ.Rmw\HC.09\Gomez411mtdtime.wpd        3

the limitations period. Therefore, absent tolling, the petition is untimely.

The one-year statute of limitations is tolled under § 2244(d)(2) for the "'time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Dictado v. Ducharme, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. § 2244(d)(2)). Once a petitioner begins state collateral proceedings, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the filing of those petitions are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

Petitioner's first state habeas petition was filed in superior court on April 17, 2007 and denied on October 10, 2007. (Resp. MTD, Exs. H, J.) At that point, only 19 days of his statute of limitation had passed. However, instead of then filing a state habeas petition in the California Court of Appeal, petitioner waited approximately ten months before filing another state habeas petition in superior court on August 25, 2008. (Id., Ex. O.)

The Ninth Circuit Court of Appeals has stated that, "only the time period during which a round of habeas review is pending tolls the statute of limitation; periods between different rounds of collateral attack are not tolled." See Banjo v. Ayers, 614 F.3d 964 (9th Cir. 2010). In Banjo, the Court examined the process of determining whether tolling is appropriate when a prisoner files successive petitions rather than seeking habeas relief through ascending order of each level of the state courts. The Court explained:

> We employ a two-part test to determine whether the period between the denial of one petition and the filing of a second [successive] petition should be tolled. First, we ask whether petitioner's subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition. If the petitions are not related, then the subsequent petition constitutes a new round of collateral attack, and the time between them is not tolled. If the successive petition was attempting to correct deficiencies of a prior petition, however, the prisoner is still making proper use of state court procedures and habeas review is still pending. Second, if the successive petition was not timely filed, the period between the petitions is not tolled.

Id. at 968-69 (internal citations and quotations omitted). See also Hemmerle v. Schriro, 495 F.3d 1069, 1076 (9th Cir. 2007) (petitioner was not entitled to interval tolling between post-conviction petitions in superior court because second petition did not "correct" or "remediate deficiencies" in

first petition); King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003) (petitioner was not entitled to interval tolling between habeas corpus petitions because his later-filed series of petitions "made no attempt to correct his prior petition, and therefore were not offered simply to remediate deficiencies"), abrogated on other grounds by Evans v. Chavis, 546 U.S. 189 (2006).

      An examination of both of petitioner's state habeas petitions filed in the superior court reveals that petitioner may have been attempting to elaborate on his claims when he filed his successive petition in August 2008. (Resp. MTD, Exs. H, O.) However, even assuming that the successive petition was related to the first, and petitioner was still "making proper use of state court procedures," the successive petition must have been timely filed in order for the period between the petitions to be tolled. Banjo, 614 F.3d at 969. Here, even though the superior court did not discuss whether the August 25, 2008 was timely filed (Id., Ex. Q), this court must still determine whether petitioner's second petition was filed within a reasonable time. See id. at 970; see also Chavis, 546 U.S. at 198 ("In the absence of (1) clear direction or explanation from the California Supreme Court about the meaning of the term "reasonable time" in the present context, or (2) clear indication that a particular request for appellate review was timely or untimely, the Circuit must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness.").

      In Chavis, the Supreme Court observed that California courts would find unreasonable "an unjustified and unexplained six-month filing delay." Id. at 201. Here, petitioner waited approximately ten months between the denial of his first state habeas petition in superior court, and the filing of his second state habeas petition in superior court. The only explanations that petitioner gives regarding this delay is that (1) he filed a federal civil rights action in April 2007, raising the claim of the denial of his transfer, which was denied on July 8, 2008 and should toll his statute of limitation (Opp. at 3, 5, Ex. A), and (2) his inmate assistant informed him that he could not have two petitions regarding the same subjects pending in both the state and federal courts (Opp. at 3).

      Unfortunately for petitioner, a federal civil rights action is not an "application for State post-conviction or other collateral review" within the meaning of section 2244(d)(2). Duncan v. Walker, 533 U.S. 167, 180-81 (2001). Thus, even though petitioner filed a federal action between the denial of his first state habeas petition and the filing of his second, his statute of limitation is not tolled. In addition, that he erroneously believed he could not have two petitions regarding the same

Order Granting Motion to Dismiss Petition; Denying Certificate of Appealability
P:\PRO-SE\SJ.Rmw\HC.09\Gomez411mtdtime.wpd       5

subjects filed in both state and federal courts, does not sufficiently justify the 10-month delay. See also Waldrip v. Hall, 548 F.3d 729, 736-37 (9th Cir. 2008) (rejecting claims of attorney's negligence, miscalculation of the statute of limitations, or heavy workload as providing a sufficient explanation for an eight-month interval delay). Therefore, after the superior court denied petitioner's first petition on October 10, 2007, the statute of limitation began again on October 11, 2007, and ran until he filed his second state habeas petition on August 25, 2008 – a total of 320 days. On August 25, 2008, his statute of limitation was tolled because he was properly seeking state collateral relief. At that point, petitioner had 26 days remaining on his statute of limitation (365 days minus 320 days minus 19 days).

Giving petitioner the maximum amount of statutory tolling and assuming that petitioner would receive statutory tolling from August 25, 2008 through the date that the California Supreme Court denied his last state habeas petition – September 23, 2009 – petitioner's federal petition would still be untimely. On September 24, 2009, petitioner's statute of limitation would begin to run again. See Cal. Rule of Court 8.532(b)(2)(C). Petitioner did not file his federal petition until 42 days later, on November 5, 2009. Thus, petitioner's petition is still untimely.

To the extent Petitioner is arguing that he is entitled to equitable tolling, he does not meet his burden of demonstrating that a basis for such tolling exists. See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). The Supreme Court has determined that section 2244(d), is subject to equitable tolling in appropriate cases. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 2562.

Petitioner argues that he should receive tolling because he suffered from a 100-day prison lockdown during various periods of 2009, and he has continuously needed to be assisted by fellow inmates because he was not literate in the English language. (Opp. at 5, 7.) A review of the dates listed by petitioner demonstrates that, throughout all the times petitioner states he was on lockdown status in 2009, and therefore had no means to gain assistance from any inmates, the statute of limitation was statutorily tolled because he had state habeas petitions pending. Petitioner also states that he was on "modified program status" from February 4, 2009 through the time he filed his opposition. (Opp. at 7.) Being on a modified program status meant that only the inmates in his

Order Granting Motion to Dismiss Petition; Denying Certificate of Appealability
P:\PRO-SE\SJ.Rmw\HC.09\Gomez411mtdtime.wpd        6

building could help petitioner with his petition. (Id.) Neither of these circumstances demonstrate that petitioner attempted to pursue his rights diligently during the one-year statute of limitation. Moreover, petitioner does not mention what extraordinary circumstance stood in his way and prevented him from filing a timely federal petition. See Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009); see, e.g., Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010) (per curiam) (prisoner's pro se status, law library missing a "handful" of reporter volumes, and reliance on inmate helpers who were transferred or too busy to attend to his petitions are not extraordinary circumstances "given the vicissitudes of prison life"). Moreover, while there are sometimes extraordinary circumstances that warrant equitable tolling when a non-English speaker is unable to procure either legal materials in his own language or translation assistance from an inmate, library personnel or other source during the running of the limitations period, see Mendoza v. Carey, 449 F.3d 1065, 1070 (9th Cir. 2006), the court notes that petitioner was able to file a federal civil rights action between his superior court petitions. In addition, petitioner does not indicate that he was unable to acquire assistance, but merely that he had a more limited selection of which to find inmate assistants. More importantly, petitioner does not allege how this more limited selection of assistance caused his inability to file a federal petition on time. See Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005) (holding that where prisoner fails to show causal connection between self-representation on direct appeal or physical and mental disabilities and inability to timely file petition, district court's finding that he was not entitled to equitable tolling where he had earlier filed a state habeas petition was not clear error). Thus, petitioner is not entitled to equitable tolling.

Accordingly, petitioner's petition must be dismissed as untimely. Because the court grants respondent's motion to dismiss on timeliness grounds, it is unnecessary to address respondent's additional claim that the denial of petitioner's request for a transfer to Mexico fails to state a claim for federal habeas relief.

## CONCLUSION

Respondent's motion to dismiss the petition is GRANTED. The instant petition is DISMISSED. The clerk shall terminate all pending motions and close the file.

## CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a district court

Order Granting Motion to Dismiss Petition; Denying Certificate of Appealability
P:\PRO-SE\SJ.Rmw\HC.09\Gomez411mtdtime.wpd          7

1  that dismisses or denies a habeas petition to grant or deny a certificate of appealability ("COA") in its
2  ruling. See Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  For the reasons set
3  out in the discussion above, petitioner has not shown "that jurists of reason would find it debatable
4  whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of
5  reason would find it debatable whether the district court was correct in its procedural ruling." Slack
6  v. McDaniel, 529 U.S. 473, 484 (2000).  Accordingly, a COA is DENIED.

**IT IS SO ORDERED.**

DATED:  3/3/11

_____
RONALD M. WHYTE
United States District Judge

Order Granting Motion to Dismiss Petition; Denying Certificate of Appealability
P:\PRO-SE\SJ.Rmw\HC.09\Gomez411mtdtime.wpd        8